IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| VERNEISA JACKSON, LARRY JACKSON, and PAMELA KING, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO: |
| v. | ) ) | 3:11-cv-111-DHB-WLB |
| CORRECTIONS CORPORATION OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Corrections Corporation of America ("CCA" or "Defendant"), by counsel, now answers Plaintiffs' First Amended Complaint. Defendant notes that for ease of reference, Plaintiffs' First Amended Complaint allegations are set forth verbatim, with Defendant's responses following each allegation.

1.

This is an action for race discrimination and retaliation, and for a racially and/or sexually hostile work environment, pursuant to 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991. This is also an action for race and gender discrimination and retaliation, and for a racially and/or sexually hostile work environment, pursuant to 42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991). In addition, this is an action by Plaintiff Verneisa Jackson for overtime wage violations and retaliation pursuant to the Fair Labor Standards Act (hereinafter referred to as the "FLSA") codified at 29 U.S.C. § 201 et

seq., and pursuant to Georgia law for intentional infliction of emotional distress, punitive damages, and for expenses and attorneys' fees pursuant to O.C.G.A. § 13-6-11.

**ANSWER:** Defendant acknowledges that Plaintiffs allege various claims in their Complaint, however, Defendant emphatically denies any such wrongdoing. Defendant denies any remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

## JURISDICTION

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the Plaintiff Verneisa Jackson's state law claims.

**ANSWER:** Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

This Court has personal jurisdiction over Corrections Corporation of America.

**ANSWER:** Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendant is a for-profit Maryland corporation, doing business within the State of Georgia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.

At all times relevant, Defendant operated the McRae Correctional Facility within the State of Georgia.

**ANSWER:** Defendant does not have knowledge sufficient to form a belief as to the meaning of "at all times relevant" and therefore denies same. Defendant admits that it operates McRae Correctional Facility within the State of Georgia.

**VENUE**

7.

Defendant operates its business within the Dublin Division of the Southern District of Georgia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

All actions by Defendant alleged herein occurred within the Southern District of Georgia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Venue in this district is proper for the Defendant under 28 U.S.C. § 1391(b) & (c).

**ANSWER:** Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

## THE PARTIES

10.

Plaintiff Verneisa Jackson is an African-American female who resides at 2580 Country Club Drive, Conyers, Rockdale County, Georgia.

**ANSWER:** Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Plaintiff Larry Jackson is an African-American who resides at 900 West Second Street, Vidalia, Toombs County, Georgia, 30474.

**ANSWER:** Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Plaintiff Pamela L. King is an African-American female who resides at 156 Independence Circle, Eastman, Dodge County, Georgia.

**ANSWER:** Defendant is without sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendant is a for-profit corporation doing business in the Southern District of the State of Georgia, and operates McRae Correctional Facility located at 1000 Jim Hammock Drive, McRae, Telfair County, Georgia, 31055.

**ANSWER:** Defendant admits the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant is subject to the jurisdiction of this Court.

**ANSWER:** Defendant admits the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.

Defendant may be served with summons and process by service upon its registered agent, Corporation Process Company, at is registered address at 2180 Satellite Boulevard, Suite 400, Duluth, Gwinnett County, Georgia, 30097.

**ANSWER:** Defendant admits the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

**GENERAL FACTUAL ALLEGATIONS**

16.

Defendant operates its prison, detention, and corrections facility business in the United States of America, including the State of Georgia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendant operates McRae Correctional Facility located in Telfair County, Georgia.

**ANSWER:** Defendant admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.

During the Plaintiffs' employment, Defendant has engaged in a pattern and practice of race and gender discrimination and retaliation.

**ANSWER:** Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

At all times relevant, the Warden at McRae has been Walt Wells, a white male.

**ANSWER:** Defendant is without sufficient information or knowledge to form a belief as to the meaning of "at all times relevant" and therefore denies same. Defendant admits that Walt Wells is a white male employed as the Warden at the McRae facility.

20.

At all times relevant, an Assistant Warden at McRae has been Victor Orsolits, a white male.

**ANSWER:** Defendant is without sufficient information or knowledge to form a belief as to the meaning of "at all times relevant" and therefore denies same. Defendant admits that Victor Orsolits is a white male formerly employed as the Assistant Warden at the McRae facility. Defendant denies any remaining allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21.

At all times relevant, an Assistant Warden at McRae has been Marc Gunn, a white male.

**ANSWER:** Defendant is without sufficient information or knowledge to form a belief as to the meaning of "at all times relevant" and therefore denies same. Defendant admits that Marc Gunn is a white male formerly employed as the Assistant Warden at the McRae facility. Defendant denies any remaining allegations contained in Paragraph 21 of the Plaintiffs' Complaint.

## VERNEISA JACKSON

22.

On or about August 25, 2003, Plaintiff Verneisa Jackson began her employment with Defendant as a Librarian.

**ANSWER:** Defendant admits the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

23.

On or about May 1, 2005, Plaintiff Verneisa Jackson transferred to the position of Case Manager.

**ANSWER:** Defendant admits the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24.

In March of 2008, Plaintiff Verneisa Jackson applied for the position of Librarian.

**ANSWER:** Defendant does not have any record Plaintiff Verneisa Jackson applying for the position of Librarian in March 2008 and therefore denies the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25.

On or about March 4, 2008, Plaintiff Verneisa Jackson was denied the position of Librarian, and selected for the lower position of Library Aide.

**ANSWER:** Defendant admits that Plaintiff Verneisa Jackson was selected as a Library Aide on or about March 30, 2008. Defendant denies any remaining allegations contained in Paragraph 25 of the Plaintiffs' Complaint.

26.

Later, Plaintiff Verneisa Jackson was told by Orsolits that she was not selected to be the Librarian because due to the budget.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 26 of the Plaintiffs' Complaint and therefore denies same.

27.

In March of 2008, Plaintiff Verneisa Jackson was told by Wells that he would obtain a waiver for the library science degree so she could be promoted to the Librarian position.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of the Plaintiffs' Complaint and therefore denies same.

28.

In March of 2008, Plaintiff Verneisa Jackson requested that Wells provide her a waiver for the library science degree as she was initially hired as the Librarian and had prior experience as a Librarian.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 of the Plaintiffs' Complaint and therefore denies same.

29.

In March of 2008, Wells assured Plaintiff Verneisa Jackson that he would request and seek approval of a waiver for the library science degree for her from Wells.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 29 of the Plaintiffs' Complaint and therefore denies same.

30.

From March of 2008 and continuing until November of 2009, Plaintiff Verneisa Jackson continuously requested that Wells obtain the waiver for the library science degree.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the meaning of "continuously" in this context and/or the remaining allegations contained in Paragraph 30 of the Plaintiffs' Complaint and therefore denies same.

31.

From March of 2008 and continuing until November of 2009, Wells told Plaintiff Verneisa Jackson that he was working to obtain a waiver for her to be the Librarian.

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of the Plaintiffs' Complaint and therefore denies same.

32.

After March 4, 2008, Plaintiff Verneisa Jackson performed the duties of both the Librarian and Library Aide.

**ANSWER:**    Defendant admits that Plaintiff Verneisa Jackson performed the duties of the Librarian and Library Aide. Defendant denies the remaining allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

33.

On or about November 16, 2009, Betty McClendon, the Principal, issued Plaintiff Verneisa Jackson an "exceeds requirements" on her performance review.

**ANSWER:**    Defendant admits that Plaintiff Verneisa Jackson received an "exceeds requirements" valuation on certain portions of her performance review. Defendant denies the remaining allegations contained in Paragraph 33 of the Plaintiffs' Complaint.

34.

On or about November 16, 2009, McClendon issued Plaintiff Verneisa Jackson a performance review stating "In the absence of a librarian, Ms. Jackson continues to competently carry out the duties of both the librarian and library aide and accomplishes all tasks."

**ANSWER:** Defendant admits the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

35.

On or about November 16, 2009, Plaintiff Verneisa Jackson again asked Wells about the waiver and being promoted to the Librarian position.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 35 of the Plaintiffs' Complaint and therefore denies same.

36.

Defendant has obtained similar waivers for white and/or male employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

On or about November 16, 2009, Plaintiff Verneisa Jackson was told by Orsolits that he and Wells decided that she was not going to be the Librarian, and that they would not promote and pay her for the Librarian position.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to what Orsolits told Plaintiff Verneisa Jackson on or about November 16, 2009. Defendant

admits that it made a business decision in regard to the Librarian role. Defendant denies the remaining allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38.

In her position of Librarian Aide, Plaintiff Verneisa Jackson was classified as a non-exempt FLSA employee and paid an hourly rate.

**ANSWER:** The allegations contained in Paragraph 38 of the Plaintiffs' Complaint require a legal conclusion to which no response is necessary. To the extent that a response is necessary, Defendant admits that Plaintiff Verneisa Jackson was paid hourly in her role as Librarian Aide.

39.

In performing the duties of Librarian Aide, Plaintiff Verneisa Jackson performed non-exempt FLSA duties.

**ANSWER:** The allegations contained in Paragraph 39 of the Plaintiffs' Complaint require a legal conclusion to which no response is necessary. To the extent that a response is necessary, Defendant states that Plaintiff Verneisa Jackson was paid at an hourly rate in her role as Librarian Aide.

40.

In performing the duties of Librarian Aide, Plaintiff Verneisa Jackson worked in excess of forty (40) hours a week.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 40 of the Plaintiffs' Complaint and therefore denies same. Defendant states that Plaintiff was paid for the hours that she worked as a Librarian Aide.

41.

In performing the duties of both the Librarian and Librarian Aide, Plaintiff Verneisa Jackson was not paid overtime wages when she worked over forty (40) hours a week.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.

On or about November 25, 2009, Plaintiff Verneisa Jackson complained to Wells that Orsolits was discriminating against her based on her race and sex, and creating a discriminatory hostile work environment.

**ANSWER:**    Defendant admits that in or around this time, Plaintiff Verneisa Jackson made various complaints regarding her employment, including a hostile work environment claim, which were fully investigated by the Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 42 of the Plaintiffs' Complaint and therefore denies same.

43.

On or about November 25, 2009, Plaintiff Verneisa Jackson complained to Defendant that Defendant was violating federal law by not paying her overtime and the prevailing wage rate.

**ANSWER:**    Defendant admits that in or around this time, Plaintiff Verneisa Jackson made various complaints regarding her employment which were fully investigated by the Defendant.  Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 43 of the Plaintiffs' Complaint and therefore denies same.

44.

In January of 2010, Plaintiff Verneisa Jackson applied for the Records Manager position.

**ANSWER:** Defendant admits the allegations contained in Paragraph 44 of the Plaintiffs' Complaint.

45.

In January of 2010, Wells selected Stacey Bentson, white, for the Records Manager position.

**ANSWER:** Defendant admits the allegations contained in Paragraph 45 of the Plaintiffs' Complaint.

46.

Plaintiff Verneisa Jackson is better qualified than Bentson for the Records Manager position.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

In January of 2008, Plaintiff Verneisa Jackson applied for two Unit Manager positions.

**ANSWER:** Defendant admits the allegations contained in Paragraph 47 of the Plaintiffs' Complaint.

48.

In January of 2008, former Warden Walt Pugh selected two white males, who did not possess a college degree, for the Unit Manager position.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48 of the Plaintiffs' Complaint.

49.

Plaintiff Verneisa Jackson possesses both a college degree and master's degree and, is better qualified than the white males selected for the Unit Manager positions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.

During her employment, Plaintiff Verneisa Jackson has applied for other promotional opportunities, but was denied positions that were given to lesser qualified white and/or male employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51.

During her employment, Plaintiff Verneisa Jackson was denied training, while similarly situated white and/or male employees were provided training.

**ANSWER:** Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

During Plaintiff Verneisa Jackson's employment, Defendant maintained a policy of posting for vacancies.

**ANSWER:** Defendant admits the allegations contained in Paragraph 52 of the Plaintiffs' Complaint.

53.

During Plaintiff Verneisa Jackson's employment, Defendant failed to post for vacancies.

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 53 of the Plaintiffs' Complaint and therefore denies same.

54.

On one occasion, Defendant selected Darryl Wooten, a white male, for the Records Manager position, and provided him a waiver since he did not meet the minimum qualifications for the position.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 54 of the Plaintiffs' Complaint.

55.

On another occasion, Defendant selected Katie Cameron, a white female, for the Disciplinary Hearing Officer position, without posting the position, and then sent her for training so she could meet the minimum qualifications for the position.

**ANSWER:**    Defendant admits that Katie Cameron was selected for a Disciplinary Hearing Office position.  Defendant denies the remaining allegations contained in Paragraph 55 of the Plaintiffs' Complaint.

56.

During Plaintiff Verneisa Jackson's employment, Defendant selected white and/or male candidates for vacancies without posting for the position.

**ANSWER:**    Defendant admits that, per its posting policy, not all vacancies are subject to posting requirements.  That said, Defendant is without information or knowledge sufficient to

form a belief as to which vacancies Plaintiff Verneisa Jackson is referring to in Paragraph 56 of the Plaintiffs' Complaint and therefore denies same.

57.

Defendant deviated from its policies, practices, and job description in the selection process in favor of white and/or male employees and to the detriment of black and/or female employees.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.

In January of 2010, Wells failed to properly investigate Plaintiff Verneisa Jackson's complaints regarding Orsolits, and failed to take any action against Orsolits.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.

On January 27, 2010, Plaintiff Verneisa Jackson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race and gender discrimination and retaliation against Defendant. (EEOC Charge # 415-2010-00261, attached hereto as Exhibit A)

**ANSWER:**   Defendant admits that Exhibit A appears to be a Charge of Discrimination filed by Verneisa Jackson.  Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 59 of Plaintiffs' Complaint and therefore denies same.

60.

After filing her Charge, Defendant's discriminatory and retaliatory treatment of Plaintiff Verneisa Jackson increased causing her to endure stress, depression and anxiety.

**ANSWER:** Defendant denies the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.

From February of 2009 to May of 2009, Plaintiff Verneisa Jackson took leave under the Family Medical Leave Act ("FMLA") because she was suffering from depression and anxiety.

**ANSWER:** Defendant admits that Plaintiff Verneisa Jackson took leave under the FMLA in 2010 for a qualifying condition. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 61 of the Plaintiffs' Complaint and therefore denies same.

62.

While Plaintiff Verneisa Jackson was on FMLA, Defendant harassed her regarding her disability claim, demanded she report to work for an investigation, and failed to take any prompt remedial action regarding her complaints.

**ANSWER:** Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.

On or about May 25, 2010, as a result of Defendant's conduct, Plaintiff Verneisa Jackson became so emotionally and physically drained that she could not continue to work due to the intolerable working conditions, thereby resulting in her constructive discharge.

**ANSWER:** Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.

Upon information and belief, Plaintiff Verneisa Jackson was replaced by a non-member of her protected classes and/or an individual who did not engage in statutorily protected activity.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the meaning of which "protected classes" and/or "statutorily protected activity" that Plaintiff Verneisa Jackson is referring in Paragraph 64 of the Plaintiffs' Complaint and therefore denies same.

## PLAINTIFF LARRY JACKSON

65.

On or about October 21, 2002, Plaintiff Larry Jackson began his employment with Defendant as a Correctional Officer.

**ANSWER:** Defendant admits the allegations contained in Paragraph 65 of the Plaintiffs' Complaint.

66.

Throughout his employment, Plaintiff Larry Jackson performed his duties in a satisfactory manner.

**ANSWER:** Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.

In 2003, Plaintiff Larry Jackson was promoted to Sergeant.

**ANSWER:** Defendant admits the allegations contained in Paragraph 67 of the Plaintiffs' Complaint.

68.

On September 12, 2009, Plaintiff Larry Jackson was informed by Gunn that Wells was terminating him for a violation of the Code of Conduct based on a complaint by a coworker, Felicia Wilcox, black.

**ANSWER:** Defendant admits the allegations contained in Paragraph 68 of the Plaintiffs' Complaint.

69.

In October of 2009, Plaintiff Larry Jackson appealed his termination to Ronnie Thompson, the white Regional Director, who upheld the termination.

**ANSWER:** Defendant admits the allegations contained in Paragraph 69 of the Plaintiffs' Complaint.

70.

Plaintiff Larry Jackson has been treated differently than similarly situated white employees.

**ANSWER:** Defendant denies the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.

Timmy McNeil, white, was accused of sexual harassment, but Defendant did not terminate him.

**ANSWER:** Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.

In December of 2010, Wilcox accused Ricky Hall, white, of violating the Code of Conduct, but Defendant did not terminate Hall but terminated Wilcox.

**ANSWER:** Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.

Orsolits has been accused of violating the Code of Conduct and discriminating against black female employees, such as Verneisa Jackson, but Defendant has failed to investigate the allegations and failed to take any action against Orsolits.

**ANSWER:** Defendant denies the allegations contained in Paragraph 73 of the Plaintiffs' Complaint.

74.

Tim Wheaton, a white male, has been accused of violating the Code of Conduct and discriminating against black female employees, but Defendant has failed to investigate the allegations and failed to take any action against Wheaton.

**ANSWER:** Defendant denies the allegations contained in Paragraph 74 of the Plaintiffs' Complaint.

75.

Arthur Treat, white, has been accused of violating Defendant's policies and/or the Code of Conduct, but Defendant has failed to investigate the allegations and failed to take any action against Treat.

**ANSWER:** Defendant denies the allegations contained in Paragraph 75 of the Plaintiffs' Complaint.

76.

Upon information and belief, Plaintiff Larry Jackson was replaced by a non-member of his protected classes and/or an individual who did not engage in statutorily protected activity.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to which "protected classes" and/or "statutorily protected activity denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

## PAMELA KING

### 77.

In approximately August of 2002, Plaintiff King began her employment with Defendant as a Correctional Officer.

**ANSWER:** Defendant admits the allegations contained in Paragraph 77 of the Plaintiffs' Complaint.

### 78.

In 2009, Plaintiff King was subjected to a racially and/or sexually hostile work environment by her Unit Manager, Tim Wheaton, white male.

**ANSWER:** Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

### 79.

Wheaton referred to black females as "bitches", and engaged in a derogatory and disrespectful manner to black female employees, including Plaintiff King.

**ANSWER:** Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

### 80.

On November 14, 2009, and other occasions, Plaintiff King complained to Defendant about Wheaton's discriminatory conduct, but Defendant failed to take any action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.

On May 24, 2010, Plaintiff King filed a Charge of Discrimination with the EEOC alleging race and gender discrimination and retaliation against Defendant.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 81 of Plaintiffs' Complaint and therefore denies same.

82.

On or March 19, 2011, Plaintiff King was terminated from employment for allegedly violating company policy regarding the use of her password by her supervisor who allegedly completed an in-service training for Plaintiff King.

**ANSWER:** Defendant admits that Plaintiff King was terminated for violating various company policies.

83.

Plaintiff King did not violate company policy or practice.

**ANSWER:** Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.

Upon information and belief, Plaintiff Pamela King was replaced by a non-member of her protected classes and/or an individual who did not engage in statutorily protected activity.

**ANSWER:** Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.

White and/or male employees who have not complained about discrimination have violated the same policy for which Plaintiff King was accused, but those employees have not been terminated.

**ANSWER:** Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.

To the contrary, white and/or male employees who have not complained about discrimination routinely share computer passwords and complete in-service training for employees without any discipline.

**ANSWER:** Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.

Defendant has engaged in unlawful race discrimination in the terms and conditions of the Plaintiffs' employment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.

Defendant has engaged in a pattern and practice of race discrimination in the terms and conditions of the Plaintiffs' employment, including but not limited to discipline, pay, promotions, creating a hostile work environment, and terminations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.

Defendant has engaged in unlawful gender discrimination in the terms and conditions of the Plaintiffs' employment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.

Defendant has engaged in a pattern and practice of sex discrimination in the terms and conditions of the Plaintiffs' employment, including but not limited to discipline, pay, promotions, creating a hostile work environment, and terminations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.

Defendant has failed to follow its' own policies in regards to employment decisions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.

Defendant has engaged in unlawful retaliation because of the Plaintiffs complaints of perceived race and gender discrimination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.

Defendant has engaged in a pattern and practice of retaliation in the terms and conditions of the Plaintiffs' employment, including but not limited to discipline, pay, promotions, creating a hostile work environment, and terminations.

**ANSWER:** Defendant denies the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.

Defendant has engaged in unlawful retaliation arising out of the Plaintiffs' EEOC charges.

**ANSWER:** Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.

Defendant has engaged in unlawful retaliation because the Plaintiffs' participated in proceedings under by Title VII.

**ANSWER:** Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

96.

Defendant has engaged in unlawful retaliation because the Plaintiffs' opposed perceived discrimination and retaliation.

**ANSWER:** Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

## COUNT ONE: 42 U.S.C. § 1981 - RACE DISCRIMINATION

### 97.

Plaintiffs incorporate herein paragraphs 1 through 96 of their Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 96 as if set forth fully herein.

### 98.

Defendant has engaged in intentional race discrimination in the terms and conditions of the Plaintiffs' employment, including, but not limited to, training, pay, promotions, a hostile work environment, and termination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

### 99.

Defendant's conduct violates 42 U.S.C. § 1981.

**ANSWER:** Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Complaint.

### 100.

Defendant's discriminatory conduct in violation of 42 U.S.C. § 1981 has caused the Plaintiffs to suffer a loss of pay, benefits, and prestige.

**ANSWER:** Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.

Defendant's actions have caused Plaintiffs to suffer mental and emotional distress entitling them to compensatory damages.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiffs' federally protected rights, thereby entitling them to punitive damages.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

**COUNT TWO: 42 U.S.C. § 1981 – RETALIATION**

103.

Plaintiffs incorporate herein paragraphs 1 through 102 of their Complaint.

**ANSWER:**   Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 102 as if set forth fully herein.

104.

Defendant has engaged in retaliation in the terms and conditions of the Plaintiffs' employment, including, but not limited to, training, pay, promotions, a hostile work environment, and termination.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.

Defendant's conduct violates 42 U.S.C. § 1981.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.

Defendant's retaliatory conduct in violation of 42 U.S.C. § 1981 has caused the Plaintiffs to suffer a loss of pay, benefits, and prestige.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.

Defendant's actions have caused Plaintiffs to suffer mental and emotional distress entitling them to compensatory damages.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiffs' federally protected rights, thereby entitling them to punitive damages.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

## COUNT THREE: TITLE VII – RACE

### 109.

Plaintiff Verneisa Jackson incorporates herein paragraphs 1 through 108 of her Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 108 as if set forth fully herein.

### 110.

Defendant has engaged in intentional race discrimination in the terms and conditions of the Plaintiff Verneisa Jackson's employment, including, but not limited to, training, pay, promotions, a hostile work environment, and Plaintiff Verneisa Jackson's termination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

### 111.

Defendant's conduct violates Title VII.

**ANSWER:** Defendant denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

### 112.

On or about January 27, 2010, Plaintiff Verneisa Jackson filed a timely Charge of Discrimination alleging race discrimination with the EEOC. (Exhibit A)

**ANSWER:** Defendant admits that Exhibit A appears to be a copy of Plaintiff Verneisa Jackson's Charge of Discrimination, however Defendant is without knowledge or information to form a belief as to the date it was filed, whether it was timely, or any other remaining allegations contained in Paragraph 112 of Plaintiffs' Complaint and therefore denies same.

113.

Defendant has engaged in unlawful discrimination and retaliation arising out of Plaintiff Verneisa Jackson's EEOC charges.

**ANSWER:** Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.

Plaintiff Verneisa Jackson has satisfied all statutory prerequisites for filing this action.

**ANSWER:** Defendant denies the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.

On or about September 30, 2011, Plaintiff Verneisa Jackson received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit B)

**ANSWER:** Defendant admits that Exhibit B appears to be a Notice Of Right To Sue letter from the EEOC. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 115 of Plaintiffs' Complaint and therefore denies same.

116.

Plaintiff Verneisa Jackson has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

**ANSWER:** Defendant is without knowledge sufficient to form a belief as to the allegations contained in Paragraph 116 of Plaintiffs' Complaint and therefore denies same.

117.

Defendant's discriminatory conduct in violation of Title VII has caused Plaintiff Verneisa Jackson to suffer a loss of pay, benefits, and prestige.

**ANSWER:** Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.

Defendant's actions have caused Plaintiff Verneisa Jackson to suffer mental and emotional distress entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:** Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.

Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff Verneisa Jackson's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:** Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

**COUNT FOUR: TITLE VII – SEX**

120.

Plaintiff Verneisa Jackson incorporates herein paragraphs 1 through 119 of her Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 119 as if set forth fully herein.

121.

Defendant has engaged in intentional sex discrimination in the terms and conditions of the Plaintiff Verneisa Jackson's employment, including, but not limited to, training, pay, promotions, hostile work environment, and Plaintiff Verneisa Jackson's termination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.

Defendant's conduct violates Title VII.

**ANSWER:** Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.

On or about January 27, 2010, Plaintiff Verneisa Jackson filed a timely Charge of Discrimination alleging sex discrimination with the EEOC. (Exhibit A)

**ANSWER:** Defendant admits that Exhibit A appears to be a Charge of Discrimination filed by Plaintiff Verneisa Jackson, however Defendant is without information or knowledge sufficient to form a belief as to when it was filed, whether it was timely, or any of the remaining allegations contained in Paragraph 123 of Plaintiffs' Complaint and therefore denies same.

124.

Defendant has engaged in unlawful discrimination and retaliation arising out of Plaintiff Verneisa Jackson's EEOC charges.

**ANSWER:** Defendant denies the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.

Plaintiff Verneisa Jackson has satisfied all statutory prerequisites for filing this action.

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 125 of Plaintiffs' Complaint and therefore denies same.

126.

On or about September 30, 2011, Plaintiff Verneisa Jackson received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit B)

**ANSWER:**    Defendant admits that Exhibit B appears to be a Notice Of Right To Sue letter from the EEOC.  Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 126 of Plaintiffs' Complaint and therefore denies same.

127.

Plaintiff Verneisa Jackson has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 127 of Plaintiffs' Complaint and therefore denies same.

128.

Defendant's discriminatory conduct in violation of Title VII has caused Plaintiff Verneisa Jackson to suffer a loss of pay, benefits, and prestige.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.

Defendant's actions have caused Plaintiff Verneisa Jackson to suffer mental and emotional distress entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:** Defendant denies the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130.

Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff Verneisa Jackson's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:** Defendant denies the allegations contained in Paragraph 130 of Plaintiffs' Complaint.

## COUNT FIVE: TITLE VII – RETALIATION

131.

Plaintiff Verneisa Jackson incorporates herein paragraphs 1 through 130 of her Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 130 as if set forth fully herein.

132.

Defendant has engaged in intentional sex discrimination in the terms and conditions of the Plaintiff Verneisa Jackson's employment, including, but not limited to, training, pay, promotions, hostile work environment, and Plaintiff Verneisa Jackson's termination.

**ANSWER:** Defendant denies the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.

Defendant's conduct violates Title VII.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.

On or about January 27, 2010, Plaintiff Verneisa Jackson filed a timely Charge of Discrimination alleging sex discrimination with the EEOC. (Exhibit A)

**ANSWER:**   Defendant admits that Exhibit A appears to be a Charge of Discrimination filed by Plaintiff Verneisa Jackson, however Defendant is without information or knowledge sufficient to form a belief as to when it was filed, whether it was timely, or any of the remaining allegations contained in Paragraph 134 of Plaintiffs' Complaint and therefore denies same.

135.

Defendant has engaged in unlawful discrimination and retaliation arising out of Plaintiff Verneisa Jackson's EEOC charges.

**ANSWER:**   Defendant denies the allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136.

Plaintiff Verneisa Jackson has satisfied all statutory prerequisites for filing this action.

**ANSWER:**   Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 136 of Plaintiffs' Complaint and therefore denies same.

137.

On or about September 30, 2011, Plaintiff Verneisa Jackson received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit B)

**ANSWER:** Defendant admits that Exhibit B appears to be a Notice Of Right To Sue letter from the EEOC. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 137 of Plaintiffs' Complaint and therefore denies same.

138.

Plaintiff Verneisa Jackson has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 138 of Plaintiffs' Complaint and therefore denies same.

139.

Defendant's discriminatory conduct in violation of Title VII has caused Plaintiff Verneisa Jackson to suffer a loss of pay, benefits, and prestige.

**ANSWER:** Defendant denies the allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.

Defendant's actions have caused Plaintiff Verneisa Jackson to suffer mental and emotional distress entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:** Defendant denies the allegations contained in Paragraph 140 of Plaintiffs' Complaint.

141.

Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff Verneisa Jackson's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:** Defendant denies the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

## COUNT SIX: FLSA VIOLATIONS

142.

Plaintiff Verneisa Jackson incorporates herein paragraphs 1 through 141 of her Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 141 as if set forth fully herein.

143.

The job duties performed by Plaintiff Verneisa Jackson while employed with Defendant are not exempt job duties under the overtime provisions of the FLSA.

**ANSWER:** The foregoing paragraph calls for a legal conclusion to which no responsive pleading is necessary. To the extent that a response is required, Defendant admits that Plaintiff Verneisa Jackson was paid on an hourly basis while working as a Librarian Aide. Defendant is without information or knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 143 of the Plaintiffs' Complaint and therefore denies same.

144.

Defendant has failed to pay Plaintiff Verneisa Jackson one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).

**ANSWER:** Defendant denies the allegations contained in Paragraph 144 of Plaintiffs' Complaint.

145.

Defendant's conduct entitles Plaintiff Verneisa Jackson to the amount of her unpaid overtime compensation.

**ANSWER:** Defendant denies the allegations contained in Paragraph 145 of Plaintiffs' Complaint.

146.

Defendant's conduct is not grounded in good faith and on reasonable grounds thereby entitling Plaintiff Verneisa Jackson to liquidated damages pursuant to 29 U.S.C. § 260.

**ANSWER:** Defendant denies the allegations contained in Paragraph 146 of Plaintiffs' Complaint.

**COUNT SEVEN: FLSA RETALIATION**

147.

Plaintiff Verneisa Jackson incorporates herein paragraphs 1 through 146 of her Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 146 as if set forth fully herein.

148.

Plaintiff Verneisa Jackson engaged in statutorily protected activity as defined by 29 U.S.C. § 215 by complaining that she was not being paid for hours worked and overtime hours worked beyond forty hours per week as required by the FLSA.

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 148 of the Plaintiffs' Complaint and therefore denies same.

149.

As a result, Plaintiff Verneisa Jackson was subjected to retaliation for her statutorily protected complaints regarding violations of the FLSA, including but not limited to harassment, the denial of promotions and her termination.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 149 of Plaintiffs' Complaint.

150.

Defendant's actions against Plaintiff Verneisa Jackson are in violation of 29 U.S.C. § 215(3).

**ANSWER:**    Defendant denies the allegations contained in Paragraph 150 of Plaintiffs' Complaint.

151.

Defendant's conduct entitles Plaintiff Verneisa Jackson to damages for her retaliatory discharge from employment.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.

Defendant's conduct is not grounded in good faith and on reasonable grounds thereby entitling Plaintiff Verneisa Jackson to liquidated damages pursuant to 29 U.S.C. § 260.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

## COUNT EIGHT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

153.

Plaintiff Verneisa Jackson incorporates herein paragraphs 1 through 152 of her Complaint.

**ANSWER:**     Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 152 as if set forth fully herein.

154.

Defendant     intentionally subjected Plaintiff Verneisa Jackson to a racially, sexually and/or retaliatory hostile work environment.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.

Defendant's actions against Plaintiff Verneisa Jackson were reckless or intentional.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 155 of Plaintiffs' Complaint.

156.

Defendant's conduct was extreme and outrageous.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 156 of Plaintiffs' Complaint.

157.

Defendant's conduct was severe.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 157 of Plaintiffs' Complaint.

158.

Defendant's conduct has caused Plaintiff Verneisa Jackson to suffer emotional distress.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 158 of Plaintiffs' Complaint.

159.

Defendant's actions have caused Plaintiff Verneisa Jackson to suffer loss of pay and mental and emotional distress, damage to her reputation, loss of feelings, sensibilities, and humiliation, entitling her to nominal, special and general, compensatory and punitive damages as allowable under Georgia law.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 159 of Plaintiffs' Complaint.

**COUNT NINE: PUNITIVE DAMAGES**

160.

Plaintiff Verneisa Jackson incorporate herein paragraphs 1 through 159 of her Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 160 as if set forth fully herein.

161.

Defendant's actions against Plaintiff Verneisa Jackson demonstrate wanton and willful misconduct involving malice and a conscious disregard of the consequences of its actions suffered by Plaintiff Verneisa Jackson and punitive damages are, therefore, appropriate.

**ANSWER:** Defendant denies the allegations contained in Paragraph 161 of Plaintiffs' Complaint.

**COUNT TEN: COSTS AND ATTORNEYS' FEES**

162.

Plaintiff Verneisa Jackson incorporates herein paragraphs 1 through 161 of her Complaint.

**ANSWER:** Defendant incorporates by reference its answers, admissions and denials contained in Paragraphs 1 through 161 as if set forth fully herein.

163.

The actions of the Defendant have been made in bad faith and have caused Plaintiff Verneisa Jackson unnecessary trouble and expense such as to authorize the imposition of an award of litigation expenses and attorneys' fees pursuant to O.C.G.A. § 13-6-11.

**ANSWER:** Defendant denies the allegations contained in Paragraph 163 of Plaintiffs' Complaint.

**AMENDED ALLEGATIONS BY PLAINTIFF LARRY JACKSON AND PAMELA KING**

164.

This Amended Complaint is for race and sex discrimination and retaliation against Defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") codified at 42 U.S.C. § 2000e et seq., as amended.

**ANSWER:** Defendant admits that Plaintiffs Jackson and King are alleging claims of race and sex discrimination and retaliation against Defendant pursuant to Title VII of the Civil Rights Act of 1964 codified at 42 U.S.C. § 2000e et seq., as amended, however Defendant denies any such wrongdoing.

165.

The Plaintiffs incorporate herein their original Complaint in its entirety.

**ANSWER:** Defendant incorporates by reference its responses to Plaintiffs' original Complaint in its entirety as if fully restated herein.

166.

The Plaintiffs have been treated differently than similarly-situated white employees in the terms and conditions of their employment.

**ANSWER:** Denied.

167.

The Plaintiffs have been discriminated against by Defendant because of their race, included being subjected to a racially hostile work environment.

**ANSWER:** Denied.

168.

Defendant has engaged in unlawful race discrimination in the terms and conditions of the Plaintiffs' employment.

**ANSWER:** Denied.

169.

Plaintiff King has been treated differently than similarly-situated male employees in the terms and conditions of her employment.

**ANSWER:** Denied.

170.

Plaintiff King has been discriminated against by Defendant because of her gender, included [sic] being subjected to a sexually hostile work environment.

**ANSWER:** Denied.

171.

Defendant has engaged in unlawful gender discrimination in the terms and conditions of Plaintiff King's employment.

**ANSWER:** Denied.

172.

Defendant has engaged in unlawful retaliation because the Plaintiff King engaged in protected activity by complaining of perceived discrimination in the terms and conditions of the Plaintiff's employment and/or opposed discriminatory employment practices.

**ANSWER:** Denied.

173.

Plaintiff King has been treated differently than similarly-situated employees who have not engaged in protected activity in the terms and conditions of her employment.

**ANSWER:**     Denied.

174.

Defendant has engaged in unlawful retaliation in the terms and conditions of the Plaintiff King's employment.

**ANSWER:**     Denied.

175.

Defendant is an "employer" engaged in an industry affecting commerce as defined by 42 U.S.C. § 2000e(b).

**ANSWER:**     Admitted.

176.

The Plaintiffs are employees as defined by 42 U.S.C. § 2000e(f).

**ANSWER:**     Admitted.

**COUNT ELEVEN: TITLE VII – RACE**

177.

Plaintiffs incorporate herein paragraphs 1 through 176 of their Complaint.

**ANSWER:**     Defendant incorporates by reference its responses to paragraphs 1 through 176 of Plaintiffs' Complaint (original and/or amended) as if fully restated herein.

178.

Defendant has engaged in a racially hostile work environment and intentional race discrimination in the terms and conditions of the Plaintiffs employment, including, but not limited to, discipline, assignments, pay, promotions, harassment, and terminating her.

**ANSWER:** Denied.

179.

On or about January 20, 2010, Plaintiff Jackson filed a timely Charge of Discrimination alleging race discrimination with the EEOC. (A true and accurate copy of EEOC Charge of Discrimination #846-2010-06760 is attached hereto as Exhibit C)

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff Jackson's claims and therefore denies same. Defendant admits that Exhibit C appears to be a copy of Plaintiff Jackson's EEOC Charge of Discrimination. Defendant denies any remaining allegations contained in the foregoing paragraph.

180.

On or about May 24, 2010, Plaintiff King filed a timely Charge of Discrimination alleging race discrimination and a racially hostile work environment with the EEOC. (A true and accurate copy of EEOC Charge of Discrimination #415-2010-00589 is attached hereto as Exhibit D)

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims and therefore denies same. Defendant admits that Exhibit D appears to be a copy of Plaintiff King's EEOC Charge of Discrimination. Defendant denies any remaining allegations contained in the foregoing paragraph.

181.

On or about September 15, 2011, Plaintiff King filed a timely Amended Charge of Discrimination alleging race discrimination with the EEOC. (A true and accurate copy of EEOC Amended Charge of Discrimination is attached hereto as Exhibit E)

**ANSWER:**   Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims and therefore denies same.  Defendant admits that Exhibit E appears to be a copy of Plaintiff King's EEOC Amended Charge of Discrimination.   Defendant denies any remaining allegations contained in the foregoing paragraph.

182.

The Plaintiffs have satisfied all statutory prerequisites for filing this action.

**ANSWER:**   Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 182 of Plaintiffs' Complaint.

183.

On or about March 12, 2012, Plaintiff Larry Jackson received his "Notice Of Right To Sue" letter from the EEOC for his Charge of Discrimination. (A true and accurate copy of the Notice Of Right To Sue for Charge of Discrimination #846-2010¬06760 is attached hereto as Exhibit F)

**ANSWER:**   Defendant is without information or knowledge sufficient to form a belief as to when Plaintiff Jackson received his Notice of Right to Sue letter from the EEOC. Defendant admits that Exhibit F appears to be a copy of Plaintiff Jackson's Notice of Right to Sue for Charge of Discrimination.

184.

On or about March 12, 2012, Plaintiff King received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination and Amended Charge of Discrimination. (A true and accurate copy of the Notice Of Right To Sue for Charge of Discrimination #415-2010-00589 is attached hereto as Exhibit G)

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to when Plaintiff King received her Notice of Right to Sue letter from the EEOC.  Defendant admits that Exhibit G appears to be a copy of Plaintiff King's Notice of Right to Sue for Charge of Discrimination.

185.

The Plaintiffs have filed this action under Title VII within ninety (90) days after receipt of their "Notice Of Right To Sue" letters from the EEOC.

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to the allegations contained in the foregoing paragraph as Defendant is without knowledge of when Plaintiffs received their Notice of Right to Sue letter.

186.

Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiffs to suffer a loss of pay, benefits, and prestige.

**ANSWER:**    Denied.

187.

Defendant's actions have caused Plaintiffs to suffer mental and emotional distress, entitling them to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**    Denied.

188.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiffs' federally protected rights, thereby entitling them to punitive damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**    Denied.

## COUNT TWELVE: TITLE VII – GENDER

189.

Plaintiff King incorporates herein paragraphs 1 through 188 of her Complaint.

**ANSWER:**    Defendant incorporates by reference its responses to paragraphs 1 through 188 of Plaintiffs' Complaint (original and/or amended) as if fully restated herein.

190.

Defendant has engaged in a sexually hostile work environment and intentional gender discrimination in the terms and conditions of the Plaintiff King' s employment, including, but not limited to, discipline, assignments, pay, promotions, harassment, and terminating her.

**ANSWER:**    Denied.

191.

On or about May 24, 2010, Plaintiff King filed a timely Charge of Discrimination alleging gender discrimination and a sexually hostile work environment with the EEOC. (Exhibit D)

**ANSWER:**    Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims.  Defendant admits that Exhibit D appears to be a copy of Plaintiff King's Charge of Discrimination alleging gender discrimination and a sexually hostile work environment.

192.

On or about September 15, 2011, Plaintiff King filed a timely Amended Charge of Discrimination alleging gender discrimination with the EEOC. (Exhibit E)

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims and therefore denies same. Defendant admits that Exhibit E appears to be a copy of Plaintiff King's Amended Charge of Discrimination.

193.

Plaintiff King has satisfied all statutory prerequisites for filing this action.

**ANSWER:** Defendant is without information or knowledge to form a belief as to the alleged satisfaction of all statutory prerequesitits of Plaintiff King's claims and therefore denies same.

194.

On or about March 12, 2012, Plaintiff King received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit G)

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to when Plaintiff King received her Notice of Right to Sue letter from the EEOC. Defendant admits that Exhibit G appears to be a copy of Plaintiff King's Notice of Right to Sue for her Charge of Discrimination.

195.

Plaintiff King has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

**ANSWER:**   Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims and therefore denies same.   Defendant admits the attached appears to be a copy of Plaintiff King's Notice of Right to Sue

196.

Defendant's discriminatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

**ANSWER:**   Denied.

197.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**   Denied.

198.

Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**   Denied.

## COUNT THIRTEEN: TITLE VII – RETALIATION

### 199.

Plaintiff King incorporates herein paragraphs 1 through 198 of her Complaint.

**ANSWER:** Defendant incorporates by reference its responses to paragraphs 1 through 198 of Plaintiffs' Complaint (original and/or amended) as if fully restated herein.

### 200.

Defendant has engaged in intentional retaliation in the terms and conditions of the Plaintiff King' s employment, including, but not limited to, discipline, assignments, pay, promotions, harassment, and terminating her.

**ANSWER:** Denied.

### 201.

On or about May 24, 2010, Plaintiff King filed a timely Charge of Discrimination alleging retaliation with the EEOC. (Exhibit D)

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims and therefore denies same. Defendant admits that Exhibit D appears to be a copy of Plaintiff King's EEOC Charge of Discrimination.

### 202.

On or about September 15, 2011, Plaintiff King filed a timely Amended Charge of Discrimination alleging retaliation with the EEOC. (Exhibit E)

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims and therefore denies same. Defendant admits that Exhibit E appears to be a copy of Plaintiff King's EEOC Charge of Discrimination.

203.

Plaintiff King has satisfied all statutory prerequisites for filing this action.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the allegations in the foregoing paragraph and therefore denies same. Defendant admits that Exhibit E appears to be a copy of Plaintiff Jackson's EEOC Charge of Discrimination.

204.

On or about March 12, 2012, Plaintiff King received her "Notice Of Right To Sue" letter from the EEOC for her Charge of Discrimination. (Exhibit G)

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to when Plaintiff King received her Notice of Right to Sue letter. Defendant admits that Exhibit G appears to be a copy of Plaintiff Jackson's EEOC Charge of Discrimination.

205.

Plaintiff King has filed this action under Title VII within ninety (90) days after receipt of her "Notice Of Right To Sue" letter from the EEOC.

**ANSWER:** Defendant is without information or knowledge sufficient to form a belief as to the alleged timeliness of Plaintiff King's claims and therefore denies same.

206.

Defendant's retaliatory conduct, in violation of Title VII, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

**ANSWER:** Denied.

207.

Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**    Denied.

208.

Defendant has engaged in retaliatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

**ANSWER:**    Denied.

**PRAYER FOR RELIEF**

209.

Wherefore, Plaintiffs pray for a judgment as follows:

1.      That the Court order Defendant to reinstate their employment;

2.      That the Court grant full front pay to the Plaintiffs;

3.      That the Court grant full back pay to the Plaintiffs;

4.      That the Court grant Plaintiffs compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct;

5.      That the Court grant Plaintiffs punitive damages for Defendant's malicious and recklessly indifferent conduct;

6.      That the Court grant Plaintiffs all employment benefits they would have enjoyed had they not been discriminated and retaliated against;

7.      That the Court grant Plaintiffs liquidated damages under the FLSA;

8.     That the Court grant Plaintiffs expenses of litigation, including reasonable attorneys' fees, pursuant to the Title VII, the FLSA, 42 U.S.C. § 1988 and/or under Georgia law;

9.     That the Court grant Plaintiff a jury trial;

10.     That the Court grant Plaintiffs all other relief the Court deems just and proper; and,

11.     That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

**ANSWER:**     Defendant denies that Plaintiffs are entitled to judgment in their favor or any of the relief enumerated in the foregoing paragraph.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     To the extent that an answer or response may be required which is not set forth fully herein, Defendant generally denies any allegations contained within Plaintiffs' Complaint not expressly admitted.

2.     Plaintiffs have failed to state a claim upon which relief may be granted.

3.     Subject to a reasonable opportunity for investigation and discovery, Plaintiffs have failed to mitigate their damages.

4.     Subject to a reasonable opportunity for investigation and discovery, Plaintiffs' remedies are limited by the doctrine of after-acquired evidence.

5.     Defendant at all times exercised good faith in its employment practices with respect to Plaintiffs.

6.     Some or all of Plaintiffs' requested relief may not be available, given the nature of Plaintiffs' claims.

7.      Defendant's actions as they related to Plaintiffs were based on legitimate, nondiscriminatory business reasons not related to any protected activity or any unlawful basis.

8.      Plaintiffs' request for damages may be barred or limited by the U.S. Constitution, the remedies available under Title VII, and other applicable statutes and the Georgia Constitution.

9.      Defendant has fulfilled any and all obligations owed to Plaintiffs under Title VII.

10.     Plaintiffs' Complaint is barred or limited by Plaintiffs' failure to exhaust administrative remedies and/or to the extent the allegations in their Complaint are beyond the scope of their respective administrative charges.

11.     Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiffs' claims or allegations are barred by the applicable statute of limitations.

12.     Defendant exercised reasonable care to prevent and promptly correct inappropriate or unlawful conduct by establishing and publishing effective policies and complaint procedures for its employees, and Plaintiffs unreasonably failed to take advantage of those policies and procedures.

13.     Subject to a reasonable opportunity for investigation and discovery, some or all of Plaintiffs' damage claims may be barred in part or as a whole by the doctrines of accord/satisfaction and/or setoff.

14.     Subject to a reasonably opportunity for investigation and discovery, some of all of the Plaintiffs' damage claims may be barred in part or as a whole by the doctrine of payment and release.

15.     Defendant reserves the right to amend its Defenses as the course of discovery warrants.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, and against Plaintiffs, that Plaintiffs take nothing by way of their First Amended Complaint, that costs be assessed against Plaintiffs, and that Defendant be awarded all appropriate relief.

Respectfully submitted,


*/s/ V. Sharon Edenfield*
Gerald M. Edenfield
State Bar of Georgia No. 239100
V. Sharon Edenfield
State Bar of Georiga No. 141646
Edenfield, Cox, Bruce & Classens, P.C.
115 Savannah Ave.
P.O. Box 1700
Statesboro, GA  30459
Telephone:        (912) 764-8600
Facsimile:        (912) 764-8862
E-mail:            Gerald@ecbcpc.com
                      Sharri@ecbcpc.com

John T.L. Koenig (*pro hac vice*)
State Bar of Georgia Bar No. 268782
BARNES & THORNBURG LLP
Prominence in Buckhead, Suite 1700
3475 Piedmont Road, N.E.
Atlanta, GA  30305
Telephone:        (404) 264-4018
Facsimile:        (404) 264-4033
E-mail:            John.Koenig@btlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2012, a copy of the foregoing *ANSWER TO FIRST AMENDED COMPLAINT* was filed electronically and will be served by electronic notice via the Court's CM/ECF system to the following counsel of record:

K. Prabhaker Reddy, Esq.
THE REDDY LAW FIRM, P.C.
1325 Satellite Boulevard
Suite 1506
Suwanee, Georgia 30024

*/s/ V. Sharon Edenfield*
V. Sharon Edenfield
State Bar of Georgia No. 141646
*Attorney for Defendant*

ATDS01 180214v1