IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| VERNEISA JACKSON, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. CV 311-111 |
| CORRECTIONS CORPORATION OF AMERICA, | * | |
| Defendant. | * | |

# ORDER

Before the Court in the captioned case is Defendant Corrections Corporation of America's ("CCA") motion requesting reimbursement of fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). (Doc. no. 59.) For the reasons set forth below, the motion is **GRANTED IN PART**, and Defendant is awarded $9,861.95 in expenses.

## I. Background

In an Order dated October 22, 2013, the United States Magistrate Judge denied Plaintiff Verneisa Jackson's ("Plaintiff") two motions to compel and a related request for a hearing, finding that Plaintiff's counsel, Ainsworth Dudley, failed to exercise diligence and good faith throughout the discovery period with regard to the discovery items at issue. (Doc. no. 58.) Specifically,

the Magistrate Judge found that Mr. Dudley's attempts to resolve the discovery disputes at issue did not satisfy the good faith effort requirements of the Federal Rules or the Local Rules and that he "demonstrate[d] an overall lack of diligence in scheduling and conducting discovery in this case." (Id. at 9.) Plaintiff filed objections to the Magistrate Judge's Order, which the Court overruled on December 4, 2013. (Doc. no. 65.)

Because the Court denied Plaintiff's discovery motions, it allowed Defendant the opportunity to furnish a request for expenses incurred in responding to Plaintiff's motions to compel, and Defendant filed the instant motion requesting $20,339.50. (Doc. no. 59-3.) Defendant requests reimbursement at $395.00 per hour for 16.9 hours of work performed by Attorney John Koenig and at $280.00 per hour for 48.8 hours of work performed by Attorney Adam Bartrom. (Id.) In her response, Plaintiff claims she was substantially justified in filing both motions to compel, and in the alternative that Defendant's requested fees are "grossly excessive and should [be] reduced substantially." (Doc. no. 64, at 8-9.)

## II. Discussion

### A. Plaintiff Was Not Substantially Justified in Filing the Motions to Compel, and thus Expenses Must Be Awarded

Federal Rules of Civil Procedure 37(a)(5)(B) provides that when a motion to compel is denied, "the court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." However, fees are not to be awarded "if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Absent these exceptions, an award of fees under Rule 37 is mandatory, and does not require a showing of bad faith. See Bank Atlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir. 1994); Devaney v. Continental Am. Ins. Co., 989 F.2d 1154, 1162 (11th Cir. 1993).

"[A] motion to compel is 'substantially justified' so long as 'there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action].'" Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

3

Plaintiff claims the first motion to compel was substantially justified because Defendant ignored Mr. Dudley's requests for responses regarding the discovery dispute and his good faith efforts to resolve such dispute. (Doc. no. 64, at 2-4.) Plaintiff also argues that Mr. Dudley did meet and confer with Defendant. (Id. at 4-5.) Similarly, Plaintiff argues that Mr. Dudley made several attempts to schedule the Rule 30(b)(6) deposition before the end of the discovery period, but that Defendant failed to cooperate, necessitating the second motion to compel. (Id. at 5-8.) These same arguments have already been considered and rejected in the Court's December 4, 2013, Order. For example, the Court found that "the only attempt Mr. Dudley made to resolve the discovery dispute before filing the first motion to compel was merely forwarding a November 12, 2012 letter written by Plaintiff's first counsel, which Mr. Dudley inexplicably refused to ratify despite repeated requests from defense counsel." (Doc. no. 65, at 3.) In addition, regarding the second motion to compel, there was nothing in the record to support Plaintiff's claims that Mr. Dudley made multiple attempts to schedule a deposition before serving late notice that Defendant failed to cooperate. (Id. at 4.) Accordingly, Mr. Dudley's actions were not substantially justified, and

4

a reward of expenses is not unjust. See Josendis, 662 F.3d at 1314.

## B. Amount of Attorney's Fees to Be Awarded

Having found no substantial justification for the motions to compel, the Court must now consider whether expenses should be awarded in the amount requested by Defendant. An award of attorney's fees is determined by multiplying the number of hours reasonably expended by a reasonable billing rate. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). The resulting figure is called the "lodestar." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986); see also Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994 (*per curiam*). In addition, a court may consider twelve additional factors in calculating the lodestar: (1) the time and labor required, (2) the novelty and difficulty of the legal questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of

5

the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974); See also Blanchard v. Bergeron, 489 U.S. 87, 91-92 (1989); Hensley v. Eckerhart, 461 U.S. 424, 434 n.9 (1989).

1. Hours Reasonably Expended

In exercising proper "billing judgment," attorneys must exclude those hours that would be unreasonable to bill a client or an adversary without reference to skill, reputation, or experience. Norman, 836 F.2d at 1301. Similarly, the decision to prune hours is left to the discretion of the court. See Columbus Mills, Inc., 918 F.2d at 1580. Regarding questions of billing judgment and hours reasonably expended, "[t]he court, either trial or appellate, is itself an expert . . . and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303 (quoting Cambell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, Defendant seeks fees for a total of 65.7 hours of work, of which 16.9 hours are attributed to Mr. Koenig,

6

and 48.8 hours to Mr. Bartrom. (Doc. no. 59-3, at 3.) The reported hours include time spent reviewing Plaintiff's motions and supporting briefs, as well as researching and drafting a lengthy joint response that addressed individually each disputed interrogatory and document request. (See doc. nos. 54, 59-2.) However, the hours for which Defendant now seeks attorney's fees, the equivalent of a full week and three days devoted solely to the task of responding to Plaintiff's discovery motions, seems excessive in this case. In addition, although the records of hours worked provided by Defendant do not indicate any duplication of effort, Defendant undoubtedly reaped spillover benefits from its efforts in other aspects of the case. Accordingly, the Court finds that a thirty percent reduction of the hours requested is reasonable and proper, such that 11.83 hours are attributed to Mr. Koenig and that 34.16 hours are attributed to Mr. Bartrom.

2. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. "The goal of the analysis is to replicate the rates that would prevail in the legal marketplace." Columbus Mills, Inc., 918 F.2d at

7

1580. In making this determination, the "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of South Ala., 911 F.2d 604, 610 (11th Cir. 1990). As is the case in determining the reasonable hours expended, the Court may consult its own experience in determining a reasonable rate at which to bill such hours. Norman, 836 F.2d at 1303. Here, the relevant legal market is Dublin, Georgia. See Cullens v. Ga. Dep't. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994).

The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299 (citing NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987)). The movant's burden may be met by providing evidence of attorneys' hourly billing rates in cases of similar complexity requiring similar skill, or by opinion evidence. Id.; see also Knight, 824 F.Supp. at 1028. However, satisfactory evidence is more than either an affidavit of the attorney performing the work or testimony that a fee is reasonable. Norman, 836 F.2d at 1299.

Here, Defendant requests that Mr. Koenig be compensated at his hourly rate of $395.00 per hour, and Mr. Bartrom at his rate of $280.00 per hour. (Doc. no. 59-3,

at 3.) Defendant provides an affidavit in which Mr. Koenig states that such rates are customary and reasonable, but offers no additional evidence regarding the hourly rate to be used in calculating the lodestar. (Doc. no. 59-1, at 2.) Because Mr. Koenig and Mr. Bartrom practice in Atlanta, their hourly rates are not applicable here absent a showing by Defendant of "a lack of attorneys practicing in [Dublin] who are willing and able to handle [its] claims." ACLU v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (citing Cullens, 29 F.3d at 1494). Defendant makes no such showing, and thus the Court will consider its own knowledge and experience concerning reasonable and proper rates in the Dublin legal market. Loranger, 10 F.3d at 781.

This Court has previously approved $250.00 per hour as a reasonable billing rate in the Dublin legal market. See Johnson v. YKK Am., Inc., No. 3:07-cv-048, doc. no. 171 (S.D. Ga. April 29, 2010). Similarly, $235.00 and $135.00 per hour were requested for a case in the Dublin legal market. See Carter v. NCO Fin. Sys., No 3:11-cv-107, doc. no. 42 (S.D. Ga. Oct. 25, 2012). Accordingly, based on the complexity of this case and the skill required, as well as Mr. Koenig's status as a partner of his firm, his billing rate will be set at $285.00 per hour. Due to his status as

9

an associate, Mr. Bartrom's billing rate will be set at $190.00 per hour. Multiplying these rates times the hours determined by the Court, the total lodestar in this case is $9,861.95.

### III. CONCLUSION

For the reasons set forth above, Defendant's request for an award of expenses (doc. no. 59) is **GRANTED IN PART**. Accordingly, Defendant shall recover from Plaintiff's counsel for 45.99 hours expended at the rates set forth above, for a total amount of **$9,861.95**. To be clear, the Court orders payment of the awarded expenses by Plaintiff's counsel, Ainsworth Dudley, and not by Plaintiff herself. Plaintiff's counsel shall have 14 days from the date of this Order to pay the awarded amount. If Plaintiff's counsel fails to pay the awarded amount by this deadline, Defendant shall notify the Court within 7 days after the deadline has passed, and the Court may exercise its power under Rule 37 to impose further sanctions.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE